IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAMIRO ALCANTAR, LEONEL LOPEZ, CARLOS AYALA, ALEJO AYALA, RICARDO GONZALEZ, GERARDO DOMINGUEZ RUIZ, RICARDO TELIZ-MELCHOR, ALEJANDRO RUIZ, AND PEDRO GONZALEZ, on behalf of themselves, and all other similarly situated plaintiffs known and unknown,<br><br>Plaintiffs<br><br>v.<br><br>BARIGAZZI ENTERPRISES INC., AND CLAUDIO BARIGAZZI, INDIVIDUALLY,<br>Defendants | No. 15 cv 9616<br><br>Honorable Judge Milton I. Shadur<br><br>*JURY DEMAND* |

**PLAINTIFFS' MOTION
FOR PROVE-UP OF DEFAULT JUDGMENT**

NOW COME Plaintiffs, by their attorneys of record, and for their Motion For Prove-Up of Default Judgment, state as follows:

1. On October 28, 2015, Plaintiffs brought their claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS §115/1 *et seq.*, for Defendants' failure to pay overtime wages, Defendants' failure to pay all earned wages to Plaintiffs, and for Defendants' policy and practice of taking unauthorized deductions for uniforms from Plaintiffs' pay.

2. On January 21, 2016, this Court entered an Order of Default against Defendants Barigazzi Enterprises Inc., and Claudio Barigazzi, individually.

3. Plaintiffs worked in one or several roles as landscape laborers, drivers, crew leaders, and snowplow operators. Plaintiffs' detailed explanations of their damages and method of determining those damages are attached hereto as Exhibits B – J.

4. As is detailed in the attached Exhibits B – J, Plaintiffs' schedules varied but on average, they worked approximately fifty to fifty-five hours per week throughout the landscaping seasons. Defendants paid Plaintiffs by paycheck for their hours up to forty in a workweek, and paid in cash at the straight rate of pay for all hours over forty per week. Plaintiffs also performed various forms of work off-the-clock, and some Plaintiffs were not paid any compensation at all for the last several weeks they worked for Defendants. Finally, Plaintiffs experienced unauthorized deductions for uniform costs from their pay. Defendants did not keep or provide Plaintiffs with accurate and comprehensive records of their hours worked. In cases where an employer has not maintained time records compliant with the recordkeeping provisions of the Code of Federal Regulations, estimating the claimant's hours worked is reasonable "and the Court may then award damages to the employee even though the result be only approximate." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946).

5. Plaintiffs' underlying back wage damages are $110,738.79 and Plaintiffs' underlying uniform deductions damages are $9,000.00. *See* Plaintiffs' Declarations attached hereto as Exhibits B – J; *see also* Exhibit K, which is a list of the Plaintiffs' damages for the Court's convenience. Plaintiffs' back wage damages should be liquidated or doubled under the liquidated damages provisions of the FLSA, where liquidated damages are presumed when the act is violated. *See, e.g., Walton v. United Consumers Club, Inc.*, 786 F.2d 303 (7th Cir. 1986). Liquidated damages are not penal in nature but constitute compensation for the retention of a workman's pay which might result in

damages too obscure and difficult to prove or estimate other than by liquidated damages. *See, e.g., Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572 (1942). This Circuit has held that double damages are the norm and single damages are the exception. *See, e.g., Avitia v. Metropolitan Club of Chicago, Inc.*, 49 F.3d 1219 (7th Cir. 1995). Furthermore, under the Illinois Wage Payment and Collection Act, Plaintiffs are entitled to the statutory penalty of 2% of the underpayment per month for every month the amounts remained unpaid. 820 ILCS 115/14. Thus, Plaintiffs are entitled to a judgment including the sum of liquidated and statutory damages totaling $236,561.58.

6. Under the FLSA and pendent state statutes, Plaintiffs are also entitled to reasonable attorneys' fees and costs. Plaintiffs' reasonable fees and costs to date total $19,615.00, and are detailed in the Declaration of John W. Billhorn, attached hereto as Exhibit A.

7. Plaintiffs attach their Proposed Order of Default Judgment reflecting the foregoing as Exhibit L.

Wherefore, Plaintiffs respectfully request this Court to grant their Motion for Prove-Up of Default Judgment, to enter an Order of Default Judgment against Barigazzi Enterprises, Inc., and Claudio Barigazzi, individually, in the amount of $236,561.58 as and for back wages and penalties and $19,615.00 as and for attorneys' fees and costs, for a total amount of $256,176.58, and for such other relief the Court deems appropriate under the circumstances.

        Respectfully submitted,

        *Electronically Filed 2/2/2016*

        /s/ Meghan A. VanLeuwen

        _____

Meghan A. VanLeuwen

FARMWORKER AND LANDSCAPER
ADVOCACY PROJECT
33 N. LaSalle, Ste. 900
Chicago, IL 60602
(312) 784-3541

John W. Billhorn
BILLHORN LAW FIRM
53 W. Jackson Blvd., Ste. 840
Chicago, IL 60604
(312) 853-1450